Rex, J.
The first and second conclusions of law found by the District Court are not only sustained by the facts found, but are also sustained by the principles of law announced by this court, on substantially the same state of facts, in the case between the same parties, reported in 23 Ohio St. 473. The only question, therefore, made in this case, is as to the application to be made of the sum of money paid by Charles L. Moore in satisfaction of the Terry mortgage.
It is claimed by counsel for plaintiff’ that, upon the facts found, the District Court should have ordered the real estate conveyed by Thomas W. Farran to Lydia C. Moore to be subjected to the satisfaction of the plaintiff’s judgment, to the extent of the sum paid in discharge of the mortgage, on the grounds that the sum so paid having been intended as a gift to the wife, and the husband, Charles L. Moore, having, at the time of the payment, been, and now is, insolvent, the gift was a fraud upon the rights of the plaintiff, and therefore the real estate, to the extent of the payment, became subject in equity to the payment of his claim, and also because of his diligence.
The District Court found that Mrs. Moore went into the possession of the real estate in question before the debt on which the plaintiff recovered judgment against her husband was contracted, and continued in possession thereof to the time of the hearing of the case in that court; and that, at the time the debt to the plaintiff' was contracted, and at the time the mortgage to Terry was paid, she was, in equity, a creditor of her husband for moneys loaned to him at sundry times before and on the 28th of December, 3864, in the sum of $12,202.62, no part of which had been paid at the time of the payment of the Terry mortgage.
The findings of the District Court also show that the money loaned by Mrs. Moore to her husband was her ab *306 solute property, and was not intended to, and did not, become subject to bis marital rights.
In equity, therefore, her right to the payment of the debt due to her is equal to the right of the plaintiff, or of any other creditor of her husband. 2 Story’s Eq., sec. 1373.
Mrs. Moore’s equity being equal to that of the plaintiff, and being in possession of the property sought to be charged, without any actual fraud, and by title absolute as against her husband, her equity is superior to that of the plaintiff, and she can not be disturbed in her possession until full payment of her claim is made to her.
"We are therefore of opinion that the District Court did not err in its conclusions of law upon the facts found.

Leave refused.

Welch, C. J., and McIlvaine, J., concurred.